**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

MILIND SHASHI BHARVIRKAR,

    Debtor.
_____/

Case No. 6:21-bk-00835-KSJ
Chapter 11
Subchapter V

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 West Washington Street, Suite 5100, Orlando, FL 32801 and mail a copy to the moving party at BransonLaw, PLLC, 1501 E. Concord Street, Orlando, FL 32801 within 30 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

**OBJECTION TO CLAIM OF JOHN GLASSCOCK,**
**DERIVATIVELY ON BEHALF OF PRIATEK, LLC (Claim No. 8)**

    Debtor-in-Possession, MILIND SHASHI BHARVIRKAR ("Debtor"), hereby objects to the claim of JOHN GLASSCOCK, derivatively on behalf of Priatek, LLC (Claim No. 8), for lack of standing, and in support thereof states as follows:

**SUMMARY OF ARGUMENT**

1

1. Claim No. 8 (the "Claim"), which was filed by JOHN GLASSCOCK ("Glasscock") "derivatively on behalf of Priatek, LLC" should be disallowed because the claim belongs to a separate business entity, Priatek, LLC ("Priatek"), and Glasscock has not alleged any facts with specificity to establish that he has derivative standing to assert said claims. Since the Claim belongs to Priatek, not to Glasscock, the Claim should be disallowed for lack of standing.

## ALLEGATIONS IN THE CLAIM

2. In the Claim, Glasscock states that he is asserting a derivative claim on behalf of Priatek, LLC, but he has not alleged that he has standing to assert said Claim.

3. Stated generally, the misconduct alleged in the Claim consists primarily of allegations of corporate waste of Priatek's assets and mismanagement and misappropriation of Pritek's assets. All of the allegations in the Claim are related to Debtor's alleged mismanagement of Priatek or misappropriation of Priatek's assets.

4. None of the misconduct alleged in the Claim is alleged to have been directed at or suffered by Glasscock, personally.

5. The Claim is based entirely on alleged breaches of fiduciary duties that were allegedly owed to Priatek.

6. All of the alleged bad acts were allegedly related to the operation of Priatek, the entity, not to Glasscock, personally.

7. Any recovery obtained in this case would belong to Priatek, not to Glasscock.

8. The Claim belongs to Priatek, not to Glasscock.

9. The Claim does not allege with particularity the efforts that were made by Glasscock to obtain the desired action from the directors, nor does the Claim allege the reasons for not obtaining the action.

10. Notably, Priatek has not filed a proof of claim.

## LEGAL ARGUMENT

11. The Claim is based entirely upon alleged wrongs that were allegedly done to Priatek. Glasscock's claims should be disallowed because they are all claims that belong to the separate entity, Priatek—these claims do not belong to Glasscock, personally. As such, Glasscock lacks standing to assert the Claim.

12. In order for a member of an LLC to have individual standing to bring suit based on claims related to the LLC, the member must allege and prove *both* direct harm *and* special injury (or, the member must identify a special contractual or statutory duty owed to the member). Dinuro Investments., LLC v. Camacho, 141 So. 3d 731, 735-40 (Fla. 3d DCA 2014) (summarizing and analyzing 50 years' worth of case law and jurisprudence); see also Arbitrage Fund v. Petty, 307 So. 3d 119, (Fla. 3d DCA 2020) (stating, "In Dinuro, after comprehensively reviewing Florida law, we adopted a two-prong test for ascertaining a shareholder's standing to bring direct suit"); Home Title Co. of Md. v. LaSalla, 257 So. 3d 640, 643 (Fla. 2d DCA 2018) (citing Dinuro favorably).

13. "An action may be brought directly [by the individual member] only if (1) there is a direct harm to the shareholder or member such that the alleged injury does not flow subsequently from a harm to the company **and** (2) there is a special injury to the shareholder or member that is separate and distinct from those sustained by the other shareholders or members." Dinuro Investments., 141 So. 3d at 739-40 (emphasis in original).

14. With respect to the "direct harm" prong, "[a] shareholder [or member] can only bring a direct suit if the damages are unrelated to the damages sustained by the company and if the company would have no right to recover in its own action." Id. at 736. In other words, the question

is "whether the alleged wrongful conduct devalued the company as a whole or was directed specifically towards the individual Glasscock." Id.; see also Fla. Stat. § 605.0801 (providing that "[a] member maintaining a direct action under this section must plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company").

15. In addition, Rule 23.1 (as incorporated into adversary proceedings by Rule 7023.1) requires derivative actions to "state *with particularity*: (A) any effort by the Glasscock to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3) (emphasis added).

16. Rule 23.1 reflects the requirement under substantive corporation law that "'an aggrieved shareholder must demand that the board take the desired action prior to bringing such a suit." In re Mako Surgical Corp. Derivative Litig., No. 12-61238-CIV-COHN/SELTZER, 2013 U.S. Dist. LEXIS 195399, *5-7 (S.D. Fla. June 6, 2013) (unpublished) (quoting Staehr v. Alm, 269 F. App'x 888, 891 (11th Cir. 2008) (unpublished)). The required pre-suit demand can only be excused as futile "[i]f the 'particularized factual allegations of the derivative complaint create a reasonable doubt that, as of the time the complaint was filed, a majority of the board could have properly exercised its independent and disinterested business judgment in responding to a demand[.]'" Mako Surgical Corp. Derivative Litig., 2013 U.S. Dist. LEXIS 195399 at *6 (quoting Staehr, 269 F. App'x at 891); see also Bensusan v. Prebul (In re Prebul), No. 09-14010, 2011 Bankr. LEXIS 2795 (Bankr. E.D. Tenn. July 19, 2011) (unpublished) (noting that derivative claims "must be plead in compliance with Federal Rule of Bankruptcy Procedure 23.1 and Federal Rule of Civil Procedure 23.1").

17. There are no such allegations in the Claim here. Although the Claim parrots the language or Rule 23.1(b)(3), there are no *facts* alleged *with particularity* showing that the requirements of Rule 23.1(b)(3) have been satisfied.

18. In this case, Glasscock has not alleged any injury that is not solely the result of an injury suffered by Priatek. Glasscock has not alleged any direct harm to himself, individually. All of the alleged harm to Glasscock flows from alleged harm to Priatek, and therefore Glasscock lacks standing. Cf. Dinuro Investments, 141 So. 3d at 736 (finding no direct harm where a member alleged that the two other members intentionally allowed the LLC to default on a promissory note secured by a mortgage on real property, so that the other two members could purchase the loans at a discount, and then foreclose on the real property, thereby depriving the LLC of its only assets).

19. Like Dinuro, the harm to Glasscock in this case results indirectly from the alleged loss to Priatek. Dinuro Investments, 141 So. 3d at 740. As such, the Claim has not alleged a direct harm to Glasscock, personally, and therefore he lacks standing.

20. Furthermore, Glasscock has not made any *factual* allegations at all showing that a majority of the Priatek board did not or could not have exercised its independent and disinterested business judgment in responding to such a demand. As such, Glasscock has not alleged that he has standing to pursue the claims in this case. See Mako Surgical Corp. Derivative Litig., 2013 U.S. Dist. LEXIS 195399 at *6*.

21. Glasscock has not alleged that he has met the requirements to bring the claims derivatively.

22. Because there was no direct harm to Glasscock, individually, and he has not alleged that he should be able to bring the claims derivatively on behalf of Prioatek, he lacks standing to

assert any of the claims in the Claim, and all of the claims asserted by him, or asserted derivatively, should be disallowed.

## CONCLUSION

23. For the foregoing reasons, the Claim should be disallowed for lack of standing.

WHEREFORE Debtor, MILIND SHASHI BHARVIRKAR, prays the Court will disallow Claim No. 8 filed by JOHN GLASSCOCK, and for such other relief that the Court deems just and proper.

Respectfully submitted this 7th day of July, 2021.

        */s/ Jeffrey S. Ainsworth*
JEFFREY S. AINSWORTH
Florida Bar No. 60769
JACOB D. FLENTKE
Flentke Legal Consulting, PLLC, Of Counsel
Florida Bar No. 25482
**BransonLaw, PLLC**
1501 E. Concord St.
Orlando, FL  32803
Phone:  407-894-6834
Fax:  407-894-8559
E-mail:  jeff@bransonlaw.com
       jacob@bransonlaw.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of July, 2021, a true and correct copy of the foregoing has been provided electronically through the Court's CM/ECF filing system to all registered recipients.

        */s/ Jeffrey S. Ainsworth*
JEFFREY S. AINSWORTH
Florida Bar No. 60769