FILED VIA MAIL

JUL 22 2021

CLERK U S BANKRUPTCY,
ORLANDO DIVISION

RECEIVED
1 3 JUL 2021
REDHILL

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: )
)
Milind Shashi Bharvirkar )
) Case No.: 6:21-BK-00835-KSJ
Debtor. )
_____/ ) Chapter 11

### OBJECTION TO CONFIRMATION OF PLAN OF REORGANIZATION

JOHN GLASSCOCK ("Creditor"), individually and derivatively on behalf of Priatek, LLC, hereby files this Objection to Confirmation of Plan of Reorganization, pursuant to 11 U.S.C 1191, and in support thereof, states as follows:

1. On February 26, 2021, the Debtor filed a voluntary petition (the "Petition") for relief under Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division.

2. On the Petition Date, an arbitration proceeding titled John Glasscock v. Milind Bharvirkar, AAA case # 01-20-0004-9250, was pending before the American Arbitration Association against the Debtor to enforce derivative claims on behalf of Priatek, LLC alleging fraud in a fiduciary capacity (the "Arbitration").

3. The Debtor filed its petition for bankruptcy the Friday before the Arbitration was scheduled to commence.

4. Glasscock has filed a complaint to determine dischargeability of debts, which debts are the subject of the pending Arbitration ("Adversary Proceeding").

5. "Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and

conformation of the bankruptcy proceedings." *Little Creek Dev. Co. v. Commonwealth Mortgage Corp.*, 779 F.2d 1068, 1071 (5th Cir. 1986).

6. The 11th Circuit has held that good faith is determined by the totality of the circumstances approach. *In Re Piazza*, 719 F.3d 1253, 1271 (11th Cir. 2013).

7. The bankruptcy Court in Piazza found bad faith and utilized a list of factors as follows:

(i) the debtor reduced his creditors to a single creditor shortly before the petition date;
(ii) the debtor made no life-style adjustments or continued living a lavish life-style;
(iii) the debtor filed the case in response to a judgment, pending litigation, or collection action;
(iv) there is an intent to avoid a large, single debt;
(v) the debtor made no effort to repay his debts;
(vi) the unfairness of the use of Chapter 7;
(vii) the debtor has sufficient resources to pay his debts;
(viii) the debtor is paying debts of insiders;
(ix) the schedules inflate expenses to disguise financial well-being;
(x) the debtor transferred assets;
(xi) the debtor is over-utilizing the protections of the Bankruptcy Code to the unconscionable detriment of creditors;
(xii) the debtor employed a deliberate and persistent pattern of evading a single major creditor;
(xiii) the debtor failed to make candid and full disclosure;
(xiv) the debtor's debts are modest in relation to his assets and income; and
(xv) there are multiple bankruptcy filings or other procedural "gymnastics."[1]

8. There is no question the Debtor filed this bankruptcy action solely in an attempt to avoid a large, single debt as alleged by Glasscock, on behalf of Priatek, LLC, which the Debtor, prepetition, raised over 16 million in investor funds, for which large sums thereof were fraudulently misused as alleged in the Arbitration and Adversary Proceeding.

9. The Debtor lived a lavish lifestyle in the dime of Priatek, LLC's investors including lavish vacations to Europe that cost the company in excess of $190,000.00, *withdrawal of*

---

1 While *Piazza* is a case dealing with a motion to dismiss, the same factors apply in the context of confirmation of a plan.

$10,000.00 in cash prior to one the European vacations to buy his wife a new wardrobe and a new security system for his home, boat club memberships, Rays season tickets, payment of numerous personal expenses, and unauthorized salary increases. He also sold Priatek, LLC's forklift and kept the cash and never accounted for it, which forklift was worth approximately $11,000.00.

10. The Debtor has employed a deliberate and persistent pattern of evading a single major creditor by first opposing arbitration, then agreeing to it and then refusing to tender any payment for the arbitration costs and then on the eve of the arbitration final hearing, filing for bankruptcy.

11. There is no question the Debtor field the petition in response to the looming Arbitration action.

12. The Debtor made no efforts to repay the debts and the schedules show inflated expenses.

13. In Glasscock's adversary proceeding, he has alleged numerous fraudulent activities the Debtor engaged in. Such activities are the antithesis of good faith.

14. It would be unconscionable for Debtor to continue in a bankruptcy proceeding given the actions he engaged in to the detriment of Priatek, LLC's investors.

15. This Court should refuse to confirm the plan and dismiss this action.

16. Further, to confirm a consensual chapter 11 plan, a plan proponent must satisfy the requirements of section 1129(a). If a plan proponent is unable to satisfy the requirement of section 1129(a)(8), which requires that all classes of claims and interests have either accepted the plan or are unimpaired, the plan proponent may seek nonconsensual confirmation under the "cram down" provisions of section 1129(b).

17. The proponent of a plan has the burden of demonstrating compliance with each of the conditions and requirements of section 1129(b) by "clear and convincing evidence." See, e.g., *In re Miami Ctr. Assocs., Ltd.*, 144 B.R. 937, 940 (Bankr. S.D. Fla. 1992). "[I]n addition to the consideration of objections raised by creditors, the [c]ourt has a mandatory independent duty to determine whether the plan has met all of the requirements necessary for confirmation." *Williams v. Hibernia Nat'l Bank (In re Williams)*), 850 F.2d 250, 253 (5th Cir. 1988) (quoting *In re Holthoff*, 58 B.R. 216, 218 (Bankr. E.D. Ark. 1985) (internal quotations omitted)).

18. If nonconsensual confirmation is requested, the court also must consider the plan in light of the facts and circumstances of the case in order to determine whether the plan is fair and equitable and does not discriminate with respect to dissenting classes. *Fed. Savs. & Loan Ins. Corp. v. D & F Constr., Inc. (In re D & F Constr. Inc.)*), 865 F.2d 673, 675 (5th Cir. 1989).

19. The Plan is not confirmable under either section 1129(a) or section 1129(b).

20. The Plan is not confirmable under section 1191 of the Bankruptcy Code for multiple reasons, including (i) it does not comply with the applicable provisions of the Bankruptcy Code in violation of section 1191(a)(1); (ii) it is not in the best interest of creditors in violation of section 1129(a)(7) ; (iii) the proposed treatment of Glasscock's claim is not fair and equitable; (iv) it will not be accepted by each class of impaired claims in violation of section 1129(a)(8); (v) it is not feasible in violation of section 1129(a)(11).

21. The plan proposed would discharge those claims related to the Debtor's fraudulent and bad faith activities.

22. Glasscock objects to the Plan also to the extent that it attempts to discharge the claims set forth by Glasscock in his proof of claim and in the Adversary Proceeding, as such claims are non-dischargeable.

23. Glasscock has voted to reject the plan.

24. [A] Bankruptcy Court shall only confirm a plan if, among other things, "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). *In Re Mirabilis Ventures, Inc.*, 2010 WL1644915 (M.D. Fla. 2010).

25. Moreover, a plan must be feasible in order for the Court to confirm the same.

26. Currently, the Adversary Proceeding is pending and should Glasscock prevail and it is ruled that those claims are not dischargeable, then the significant non-dischargeable debts will certainly require further financial reorganization or liquidation and renders the plan infeasible.

27. Finally, the plan itself, if taken as true, is not feasible on its face. The Debtor claims it has a negative income of ($15,640.00) over the course of a year, but nevertheless, claims that he can make quarterly payment during the course of the plan.

28. Glasscock also objects to Article X(I) so as to preserve his rights and claims related to the motion to lift the automatic stay.

29. In the alternative, this Court should abate ruling on confirmation of the plan until the conclusion of the Adversary Proceeding or together with the Adversary Proceeding.

Respectfully submitted.

JONES LAW GROUP

By: /s/ Robert S. Jones, II
ROBERT S. JONES, II, ESQ.
FBN: 725196
HEATH C. MURPHY, ESQ
FBN: 85164
VALERIE F. GATLIN, ESQ.
FBN: 1025300
5622 Central Avenue
St. Petersburg, Florida 33707
Phone No.: (727) 571-1333
Fax No.: (727) 573-1321
Attorneys for John Glasscock
FBN: 725196
bjones@jlgtampabay.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by the Court's CM/ECF system to **Milind Shashi Bharvirkar** c/o Jeffrey S. Ainsworth, Esq., counsel for Bharvirkar; and to those other parties who receive electronic notice via CM/ECF in the regular course of business; and, via U.S. Mail, postage pre-paid on July 1, 2021 to Debtor, Milind Shashi Bharvirkar's address of record and all other parties on the attached **Matrix**, that do not receive service via CM/ECF.

JONES LAW GROUP

By: /s/ Robert S. Jones, II
ROBERT S. JONES, II, ESQ.
FBN: 725196
HEATH C. MURPHY, ESQ
FBN: 85164
VALERIE F. GATLIN, ESQ.
FBN: 1025300
5622 Central Avenue
St. Petersburg, Florida 33707
Phone No.: (727) 571-1333
Fax No.: (727) 573-1321
Attorneys for John Glasscock
bjones@jlgtampabay.com