**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

MILIND SHASHI BHARVIRKAR,

    Debtor.
_____/

Case No. 6:21-bk-00835-KSJ
Chapter 11
Subchapter V

### RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM

JOHN GLASSCOCK (hereinafter "" or "Glasscock"), hereby files this Response in Opposition to Debtor, MILIND SHASHI BHARVIRKAR's (hereinafter "Debtor's") Objection Glasscock's Claim (Doc. 53) and in support thereof states as follows:

### Background

1. Prior to the institution of this bankruptcy by the Debtor, Glasscock properly brought claims against Debtor, in a derivative fashion, on behalf of Priatek, LLC ("Priatek") in an arbitration action.

2. On the eve of the final hearing in arbitration, the Debtor field the instant bankruptcy action.

3. Glasscock timely filed a proof of claim, derivatively, on behalf of Priatek.

4. Glasscock also timely filed an adversary proceeding, in a derivative fashion, to determine the dischargeability of the derivative claims by Glasscock.

5. The Debtor filed a motion to dismiss the adversary proceeding and made legal arguments related to standing and the pre-suit demand send by Glasscock.

6. The same arguments in the motion to dismiss were copied and pasted into the objection to claims, except the shotgun pleading allegation and failure to state a claim.

7. Glasscock filed a response in opposition to the motion to dismiss, which arguments are also laid forth below.

## Argument and Memorandum of Law

### A. Glasscock has Standing.

8. Debtor spends most of the objection arguing that Glasscock lacks standing as an individual creditor, and spends only one paragraph on the fact that Glasscock is a derivative creditor, and then attempts to argue the pre-suit demand that was sent was insufficient.

9. In support of his argument, Debtor states Rule 23.1(b)(3), Fed. R. Civ. P., requires a Glasscock to state with particularity the efforts by Glasscock to obtain the desired action from Debtor, and there are no facts alleged with particularity showing the requirements of Rule 23.1(b)(3) have been satisfied.

10. As an initial matter, Rule 23.1(b)(3) is not incorporated into the proof of claim requirements under the Bankruptcy Code.

11. Nevertheless, Glasscock made the required demand and laid forth the claims in detail and requested that Priatek take action. A copy is attached to the Amended Demand in Arbitration, which is Exhibit "C" to Exhibit "A-1" to Glasscock's proof of claim. The Debtor then responded to the demand. A copy of the response is attached as Exhibit "D" to Exhibit "A-1" of Glasscock's proof of claim.

12. The Debtor was the proper person to send the demand. Prior to the demand, because of the Debtor's behavior, all of Priatek's employees quit and walked out and the board of directors resigned. After Debtor raised and spent over $16 million in investor funds with nothing to show for it, everyone left, which is about the same time he misappropriated the forklift.

13. Moreover, and further, the Debtor was the managing member and therefore was the proper person to send the demand since the entity is a limited liability company.

14. Priatek has not been operating since prior to May 21, 2019 and is actually dissolved with the Delaware Secretary of State as of December 22, 2019 for failure to appoint a registered agent after the previous one resigned.

15. As it relates to the sufficiency of the demand, a Delaware Federal Court stated as follows: "At a minimum, a demand must identify the alleged wrongdoers, describe the factual basis of the wrongful acts and the harm caused to the corporation, and request remedial relief. In most instances, the shareholder need not specify his legal theory, every fact in support of that theory, or the precise quantum of damages." *Paul K. Allison on behalf of General Motors Corporation v. General Motors Corporation*, 604 F. Supp 1106, 1117 (D. Del. 1985).

16. The pre-suit demand identified the Debtor, described the factual basis of the wrongful acts, provided an estimate of damages, and requested remedial relief by taken.

17. Plaintiff brought the claims in the underlying arbitration in a derivative fashion, which was then stayed by the bankruptcy,

18. Glasscock is a member of Priatek.

19. Accordingly, Glasscock complied with all conditions precedent to bringing the claims against Debtor, including, but not limited to, sending the pre-suit demand.

20. Moreover, even if the pre-suit demand had not been sent, it would be excused under the doctrine of futility as there is no reasonable likelihood that Debtor would have instituted an action against himself.

21. Therefore, Debtor's assertion that Glasscock lacks standing must be denied.

### Request for Hearing

22. Glascock hereby requests entry of a scheduling order setting this matter for an evidentiary hearing

(signature page to follow)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished this 6th day of August, 2021, via the Court's CM/ECF filing system to: Jeffrey S. Ainsworth, Esq., Branson Law, PLLC, 1501 E. Concord St., Orlando, FL 32803 (jeff@bransonlaw.com; jacob@bransonlaw.com; jacob@flentkelegal.com).

JONES LAW GROUP

By: /s/ ROBERT S. JONES, II
ROBERT S. JONES, II, ESQ.
FBN: 725196
HEATH C. MURPHY, ESQ.
FBN: 85164
5622 Central Avenue
St. Petersburg, FL 33707
Phone No.: (727) 571-1333
Fax No.:    (727) 573-1321
Primary E-Mail: distribution@JLGtampabay.com
*Attorneys for Glasscock*
